## Gold v. Loyal Protective Insurance Company

Newton J. Baker, Robert M. Fortney, and Miller Allanson Johnson, for plaintiff.

Knight & Kivko, for defendant.

MORGANROTH, P. J., September 4, 1934.—This cause is before us on defendant's statutory demurrer, properly an affidavit of defense raising questions of law under section 20 of the Practice Act of 1915.

Plaintiff's husband died August 9, 1929. An action on a contract of insurance was brought September 15, 1933. Defendant invokes a provision of the contract that no action shall be brought to recover on the policy or contract prior to the expiration of 60 days after proof of loss has been filed, nor shall such action be brought unless within 2 years from the expiration of the time (90 days) within which proof of loss is required by the policy. By this limitation the action should have been commenced not later than November 9, 1931, whereas the action was begun almost 2 years after that date.

In her statement, plaintiff alleged waiver by defendant of the limitation of action. Defendant contends (1) that there was no waiver, and (2) that plaintiff failed to file proof of loss as required by the contract.

The allegations of waiver are supported by a letter from the secretary of the defendant to H. E. Ritter, chief investigator of the Insurance Department of the Commonwealth, under date of October 6, 1931, which reviews defendant's investigation of the case and concludes: "While the company still feels that there is no claim under the policy, we realize your views were made in good faith", and then makes a compromise offer of settlement. This offer was communicated to plaintiff's counsel by Mr. Ritter on October 9, 1931.

Here is no waiver, no "inducement to postpone suit", no lulling plaintiff "into a sense of security" as alleged in the statement; no promise to make a settlement soon. It is a distinct averment that the defendant feels there is "no claim under the policy." It is evident that the offer of compromise was by reason of the importunity of the Insurance Department. But the offer was not accepted.

There is no averment in the statement that defendant gave evasive answers to plaintiff's demand for payment. The correspondence exhibited in the statement gives no indication of averments on the part of the defendant which would tend to mislead plaintiff or induce her to delay bringing an action.

Nor is the period of limitation within which action must be brought unreasonable, and it is lawful for the parties so to contract: Collins v. The Home Insurance Company of New York, 110 Pa. Superior Ct. 72, 74.

The contention that the plaintiff failed to allege compliance with the provisions of the policy requiring the furnishing of proof of loss must fall, for the reason that the defendant denied the claim on other grounds (letter to H. E. Ritter, of the Insurance Department, supra).

"Waiver of the proofs of loss may be inferred from acts of the insurer which show a recognition of liability or a denial of liability exclusively on other grounds": Freedman v. Providence Washington Ins. Co., 175 Pa. 350, 359.

And now, September 4, 1934, judgment for defendant.

From R. H. Klein, Sunbury, Pa.